## SUSAN HERNDON v. HUSTON & WILLIAMS.

**Contracts—Rent—Failure to Take Premises—Criterion of Damages—Burden of Proof.**

> The price for which property was rented, under a contract, is prima facie the value of the use of the property, and the burden of proof is on defendants to show that they could only get for it the amount reported as received by them.

### APPEAL FROM UNION CIRCUIT COURT.

### February 5, 1868.

### OPINION OF THE COURT BY JUDGE WILLIAMS:

If the contract for the renting was complete, and nothing further remained to be done, it is not a little strange that appellant should retain the note for the purpose of getting surety on it, as is alleged in the petition. It was not then ever delivered to appellees as her note, according to their own showing, and the strong probability is, that is was not to be delivered as her note, until the surety signed it, which appellee required to be done in order to perfect the contract.

Moreover, they allege that after appellant declined to take the house, and they were authorized to sub-let it, they could only get $46.50 for it. The price at which they allege they rented the property to her, exceeded the price they report to have received for it, more than $100. No reason is assigned for this wonderful difference; and after alleging that they rented to her at $160 per annum and being authorized by her to sub-let it, the court should not have taken their mere allegation of what they received without proof as the criterion for the credit. The price for which they

allege they rented to her and which she admits she was willing to give if she could make a satisfactory note, is *prima facie* the value of the use of the property for one year. And the *onus* was on appellees to show that they could only get for it, the amount reported by them.

In either view of the case, therefore, the judgment was unauthorized. Wherefore, said judgment is *reversed,* and the cause remanded with directions for further proceedings not inconsistent with this opinion.

*Cissel, Vance & Adair, for appellant.*

*Huston, for appellee.*